[Civ. No. 1303. Third Appellate District.—December 1, 1914.]

DAVID BRANDON et al., Respondents, v. UMPQUA LUMBER AND TIMBER COMPANY (a Corporation), Appellant.

Action to Quiet Title—Claim of Easement—Railroad Right of Way—Permissive User.—In an action to quiet title to a tract of land, where the defendant set forth a claim of an easement by adverse user for a right of way over the land for a railroad for logging purposes in connection with a lumber business, the trial court was warranted in finding that the user was never adverse, where the evidence was undisputed that the road was constructed and its use initiated under a written agreement with plaintiff's predecessors in ownership, providing, among other things, that "the party of the first part hereby grants to the party of the second part, the exclusive right to occupy and use a strip of land fifty feet in width along the southerly bank of said Wages Creek for the purposes of a rail or wagon road or both for such time as he shall continue in the lumber business on said Wages Creek, not to exceed twenty-five years. It is agreed and understood, that upon the termination of the lumber business of the second party on the said Wages Creek the strip of land occupied by said party, as aforesaid, shall at once revert to the first party and that this agreement shall bind the heirs, executors, administrators, assigns and tenants of the parties hereto," and there was no evidence that the license was ever repudiated or questioned in any manner.

Id.—Title by Prescription—Adverse User—Repudiation of License—Knowledge of Owner—Burden of Proof.—In such a case the privilege having originated in license or express permission it is presumed to have so continued until the license was repudiated and the repudiation brought to the knowledge of the licensor; and the rule is not affected by the fact that the privilege is claimed by the successors in interest of the licensee, and from the continuance of the use by the latter it will be presumed, in the absence of anything to the contrary, that it was based upon the same right and

under the same limitations as characterized the licensee's exercise of the privilege, and the burden of proving the contrary is upon the one claiming the easement.

ID.—ADVERSE USER OR IMPLIED LICENSE—QUESTION OF FACT.—The question whether or not the user is adverse or with the implied license of the owner of the servient estate is one of fact to be determined in the light of all the surrounding circumstances.

ID.—EVIDENCE OF· ADVERSE USER.—While it sometimes occurs that evidence of the use itself and of the manner in which it is exercised carries with it a conviction that said use was under a claim of right and therefore will justify a finding to that effect, each case depends upon its own particular facts, and unless those facts compel the conclusion that the use is adverse the court should find in favor of the owner of the record title.

APPEAL from a judgment of the Superior Court of Mendocino County.    J. Q. White, Judge.

The facts are stated in the opinion of the court.

Mannon & Mannon, for Appellant.

Preston & Preston, for Respondents.

BURNETT, J.—The action was brought to quiet title to a certain tract of land in Mendocino County. In the answer defendant sufficiently set forth a claim of an easement by adverse user for a right of way over the land for a railroad for logging purposes in connection with a lumber business. The judgment was for plaintiff as prayed for, based upon sufficient findings which we deem unnecessary to quote.

As stated by respondent, the judgment is predicated upon three grounds: 1. That the user was permissive and never adverse; 2. That the user, conceding it to be adverse, was not for the statutory period to ripen into an easement; 3. The evidence shows an abandonment of the easement, assuming that it ever existed.

As we are satisfied the court was warranted in finding that the user was never adverse, the other grounds need not be considered at all.

It is not disputed that the road was constructed and its use initiated by one Anson Hilton under a written agreement with plaintiffs' predecessor in ownership, dated January 15, 1903, and providing, among other things, that "the party of the

26 Cal. App.—7

first part hereby grants to the party of the second part, the exclusive right to occupy and use a strip of land fifty feet in width along the southerly bank of said Wages Creek for the purposes of a rail or wagon road or both for such time as he shall continue in the lumber business on said Wages Creek, not to exceed twenty-five years. . . . It is agreed and understood, that upon the termination of the lumber business of the second party on the said Wages Creek the strip of land occupied by the said party, as aforesaid, shall at once revert to the first party and that this agreement shall bind the heirs, executors, administrators, assigns and tenants of the parties hereto.''

The privilege having thus originated in license or express permission it is presumed to have so continued until the license was repudiated and the repudiation brought to the knowledge of the licensor. In 22 Am. & Eng. Ency. of Law, p. 1198, the rule is stated as follows: ''The mere fact that the use of an easement was permissive in its inception does not preclude the acquirement of title by prescription if it has subsequently become adverse, and has so continued for the requisite period, but a use which begins under a license will not be considered adverse until the license is repudiated and such repudiation is brought to the knowledge of the owner of the servient tenement; and the burden of proving that the use has become adverse is upon the party claiming the easement.'' The rule is clearly not affected by the fact that the privilege is claimed by the successors in interest of said Hilton. Continuing the use begun by him the presumption would be, in the absence of anything to the contrary, that it was based upon the same right and under the same limitations as characterized his exercise of the privilege. There is not a particle of evidence that this license was ever repudiated or questioned in any manner. Hence the said presumption would justify the court's finding.

Moreover, the evidence as to the use of the way is at least as consistent with the conclusion that it was by permission as under a claim of right. ''In order that the enjoyment of an easement in another's land may be conclusive of the right claimed, it must have been adverse in the legal sense of the term; that is, the right must have been asserted under a claim of title, with the knowledge and acquiescence of the owner of the land and uninterrupted. The burden of proving this is

on the party claiming the easement. If he leaves it doubtful whether the enjoyment was adverse, known to the owner and uninterrupted, it is not conclusive in his favor." (*American Co.* v. *Bradford,* 27 Cal. 368.)

The question whether or not the user is adverse or with the implied license of the owner of the servient estate is, manifestly, one of fact to be determined in the light of all the surrounding circumstances. (*Evans Ditch Co.* v. *Lakeside Ditch Co.,* 13 Cal. App 119, [108 Pac. 1027].)

It is not sufficient that the claim of right exists only in the mind of the person claiming it. It must in some way be asserted in such a manner that the owner may know the claim. (*Clarke* v. *Clarke,* 133 Cal. 667, [66 Pac. 10].)

And while it sometimes occurs that evidence of the use itself and of the manner in which it is exercised carries with it a conviction that said use was under a claim of right and therefore will justify a finding to that effect, each case depends upon its own particular facts and unless those facts compel the conclusion that the use is adverse the court should find in favor of the owner of the record title.

The evidence here in favor of defendant is very meager and consists in the bare fact of using the road for the purpose for which it was constructed. It does not appear that any claim was ever made that appellant had the right so to use it or that it asserted any such claim. It does not even appear that the owners of the land ever knew that it was being so used by defendant or were put upon inquiry to ascertain whether or in what manner it was being used. Without detailing further, it may be said that there is an entire absence of those significant circumstances of hostile assertion usually found where adverse possession is claimed, and, while it is not necessary to hold that a finding to the contrary would be totally unsupported, it is at least plain that the court's conclusion from the evidence is sound and rational.

We think there is no merit in the appeal and the judgment is therefore affirmed.

Chipman, P. J., and Hart, J., concurred.