[Sac. No. 3773. In Bank.—April 19, 1927.]

## EDWIN H. HARVEY, Respondent, v. B. S. BERRY, Appellant.

[1] REAL PROPERTY—TITLE—ADVERSE POSSESSION—PRESUMPTIONS.—
The rule that the holding over by a grantor of property, or of
any portion thereof, after his grant will not suffice to raise the
presumption of a holding adverse to his grantees, but will be
presumed to be permissive, does not apply to the successor of
such grantor who receives a conveyance of a definite larger area
of the entire premises than that which remained to his grantor
after his previous conveyances, and who records his conveyance
thereof and goes into actual and exclusive possession of such
area under circumstances which must have conveyed notice to
his neighbor of the actual and exclusive nature of his posses-
sion and claim of ownership thereto; such as, for example, the
occupance of a dwelling, a portion of which covered the area in
dispute or the maintenance of a division fence upon the line
dividing the portions of the entire premises.

[2] ID.—CONSTRUCTION OF CODE OF CIVIL PROCEDURE.—Section 321 of
the Code of Civil Procedure is not applicable to such a state of
facts, and the grantee of such larger area is entitled to the
benefit of sections 322 and 323 of said code relating to occupa-
tion under a claim of title founded upon a written instrument.

(1) 2 C. J., p. 143, n. 79, p. 144, n. 91.   (2) 2 C. J., p. 137, n. 42.

APPEAL from a judgment of the Superior Court of
Sacramento County. Peter J. Shields, Judge. Affirmed.

The facts are stated in the opinion of the court.

Herbert Choynski and W. E. Kleinsorge for Appellant.

White, Miller, Needham & Harber for Respondent.

RICHARDS, J.—This is an appeal from a judgment in
plaintiff's favor in an action brought by him against the
defendant to restrain certain asserted acts of trespass upon
a certain portion of the property alleged to belong to plain-

2.  See 1 Cal. Jur. 571.

tiff and to perpetually enjoin any further interference on the part of said defendant with the rights and ownership of plaintiff in said property. The defendant in his answer denies any ownership on the part of plaintiff in the particular strip of land upon which the defendant has entered and asserts ownership in himself therein, and as affirmative relief asks that his title be quieted thereto. The facts as shown upon the trial and found by the trial court are practically undisputed and may be briefly stated as follows: During the year 1885 Ellen M. Butler was the owner of the record title to a certain lot in the city of Sacramento known as lot 10 in the block bounded by "K" and "L" and "12th" and "13th" Streets in said city and running, according to the official records, 80 feet on "L" Street by a uniform depth. On November 14, 1885, Mrs. Butler conveyed the west 44 feet of said lot to one John N. Young. At the time of such conveyance the residence of Mrs. Butler was on the easterly portion of said lot 10, which portion thereof was inclosed by a board fence which was located on a line which ran 38.72 feet from the easterly line of said lot 10; and the portion of her home which formed the western bay window thereof extended to a point very near to said fence line. Mrs. Butler, after making said conveyance to Young, continued to occupy the premises to the eastward of said fence line for several years, but in about the year 1892 conveyed the easterly 38 feet of said lot 10 to one Edgar B. Carroll by a deed which was recorded on August 3, 1892. Carroll in the following year conveyed the premises by the same description to Virginia M. Carroll, which conveyance was also recorded. In 1895 the Carrolls united in a conveyance of said premises, also by the same description, to A. J. Johnston by a deed which was recorded on July 9, 1895. In the year 1906 Johnston conveyed the premises by the same description to the plaintiff and respondent herein, which deed was also duly recorded. Each of the foregoing grantees of said premises went in turn into actual occupation of the same and of the whole thereof up to said fence line, the said fence being maintained for its whole length until about the year 1908, when the front portion thereof was removed by mutual consent, and probably for the sake of sightliness as between the then owners of the foregoing two portions of said lot 10, but without any then existing

controversy over the boundary line between their respective properties. The city and also the county of Sacramento assessed taxes against said lot 10, assessing the east 38 feet thereof from and after the year 1892 to the Carrolls and their successor in ownerhip, which taxes had been paid by them up to the year 1909, when the frontage of that portion of said lot 10 was, upon such assessment, reduced to 36 feet. In the meantime John M. Young had by mesne conveyance transferred the westerly 44 feet of said lot 10 by that identical description to several successive grantees down to the defendant and appellant herein, and upon said westerly 44 feet of said lot 10 taxes have been regularly assessed to and paid by the successive transferees of Young. In the month of February, 1924, the defendant and appellant herein entered upon the strip of land about three feet in width which he claimed to own as the easterly three feet of his 44-foot portion of said lot 10, but which strip of land lay to the eastward of the aforesaid fence line and upon which a portion of the plaintiff's dwelling stood, claiming the right so to do, and to make excavations thereon for the purpose of the erection of a building upon his 44-foot portion of said lot 10 extending over said strip. Thereupon the plaintiff commenced this action.

The trial court found the foregoing facts and further found as a fact that the said defendant and his predecessors in interest had never since the nineteenth day of July, 1892, possessed or used or occupied any portion of said lot 10 except the west 42 feet thereof; but that on the contrary the said Edgar B. Carroll and his successors in interest in and ownership of the said easterly portion of said lot 10 have claimed, possessed, and occupied the easterly 38 feet of said lot 10 under color of title and as the owners thereof continuously and adversely against all the world, and particularly against all owners and occupants of that portion of said lot 10 held and possessed by said defendant and his predecessors in interest therein, and have paid all taxes assessed to them thereon. As conclusions of law from the foregoing findings of fact the trial court found that the plaintiff is the owner and in possession of the east 38 feet of said lot 10 and that the defendant is the owner and in possession and entitled to the possession of the west 42 feet thereof; and that the plaintiff is entitled to his injunction

as prayed for in his complaint. The appellant attacks these
findings and conclusions of law as unsupported by the un-
contradicted evidence in the case, and in support of his
contention in that regard urges that inasmuch as the
original owner of the whole of said lot 10, Ellen M. Butler,
had in the year 1885 conveyed to the appellant's prede-
cessor, John M. Young, the westerly 44 feet of said lot 10
by that identical description, her retention of any portion
of said 44 feet thereof thereafter must be held to have been
permissive on the part of the grantees and not adverse; and
that this being so, the possession of the strip of land now in
dispute by her grantee, Edgar B. Carroll, and by his suc-
cessive grantees down to and including the plaintiff, must
also be held to have been permissive and not adverse. The
appellant cites in support of this contention the provisions
of section 321 of the Code of Civil Procedure, and the cases
chiefly of *Brandon* v. *Umpqua Lumber etc. Co.,* 26 Cal.
App. 96 [146 Pac. 46], *Potrero Nuevo Land Co.* v. *All Per-
sons,* 29 Cal. App. 743 [156 Pac. 876] , *De Frieze* v. *Quint,*
94 Cal. 653 [28 Am. St. Rep. 151, 30 Pac. 1], and *Tully* v.
*Tully,* 137 Cal. 60, 66 [69 Pac. 700]. [1] The respondent
concedes the correctness of the rule laid down in *Tully* v.
*Tully, supra,* to the effect that the holding over by a grantor
of property or of any portion thereof after his grant will
not suffice to raise the presumption of a holding adverse to
his grantees, but will be presumed to be permissive; but the
respondent, notwithstanding such concession, maintains that
this principle cannot be given application to the successor
of such grantor who receives a conveyance of a definite
larger area of the entire premises than that which remained
to his grantor after his previous conveyances, and who
records his conveyance thereof and goes into actual and
exclusive possession of such area under circumstances which
must have conveyed notice to his neighbor of the actual and
exclusive nature of his possession and claim of ownership
thereto; such as, for example, the occupance of the dwelling,
a portion of which covered the area in dispute; or as the
maintenance of a division fence upon the line dividing the
easterly and westerly portions of the entire premises. [2]
The respondent contends that neither the section of the code
above cited nor the authorities relied upon by the appellant
are applicable to such a state of facts; but that as to the

code provisions he is entitled to the full benefit of sections 322 and 323 of the Code of Civil Procedure relating to occupation under a claim of title founded upon a written instrument; and that as to the decisions construing said provisions of the code, the case of *Cummings* v. *Laughlin,* 173 Cal. 561 [160 Pac. 833], presents a complete analogy to the case at bar and is decisive of the instant controversy.

We are satisfied from an examination of the foregoing cases and sections of the Code of Civil Procedure that the contention of the respondent herein must be sustained. The cases of *Potrero Nuevo Land Co.* v. *All Persons* and *Brandon* v. *Umpqua Lumber etc. Co., supra,* bear no true analogy to the facts of the case at bar. In the first of these cases the original title to the premises in question was nothing more than a lease thereof from the municipality of San Francisco for a long term of years. The grantees under the lessee received nothing more than a quitclaim conveyance from each to each carrying only the title which his immediate grantor had under the original lessee and upon which the claim of an adverse possession could not be built up as against the state. In the latter of the foregoing cases the foundation of the claim of adverse user rested on an easement or license to pass over the premises of the respondent given to one Hilton for the convenient operation of his lumber business for a limited number of years and thereafter continued in use by his successor in interest, the Umpqua Lumber Company. The trial court held that such continued use by the latter had none of the qualities of an adverse user and that there was an entire absence of those significant circumstances of hostile assertion usually found where adverse possession is asserted. On the other hand, the case of *Cummings* v. *Laughlin, supra,* upon which the respondent relies, presents several significant identities to the facts of the case at bar. In that case there was an overlapping of description in the first and second deeds of the original grantor. He had nevertheless marked out what he conceived to be the boundary between the two tracts thus conveyed and had planted a line of trees along such boundary. His successor in interest under his second deed and his grantees had gone into possession of the land conveyed to them up to said boundary and exercised exclusive dominion over it for a long series

of years, and paid all the taxes which were assessed against him and them thereon. The court held that the plaintiff's title by adverse possession had been fully sustained. We think the foregoing case is decisive of the case at bar and hence that the trial court was not in error in confirming the plaintiff's claim of ownership of the strip of land in dispute by adverse possession.

The judgment is affirmed.

Seawell, J., Curtis, J., Langdon, J., Preston, J., Shenk, J., and Waste, C. J., concurred.

Rehearing denied.