[L. A. No. 2862. Department One.—May 18, 1912.]

ALIDA A'. POLLARD and B. S. POLLARD, Respondents,
v. FRANCES M. REBMAN and JOHN REBMAN,
Appellants.

EASEMENT—RIGHT OF WAY TO STREET OVER ADJOINING LAND.—When
the owner of a parcel of land buys an easement over adjoining land
for a way from his land to a public street, such easement becomes
at once appurtenant to his land, giving him access to the street
over such way.

ID.—FAILURE TO RECORD CONVEYANCE OF EASEMENT—BONA FIDE PUR-
CHASE OF SERVIENT TENEMENT WITHOUT NOTICE.—If the grantee of
the easement fails to have the conveyance thereof legally recorded,
it remains good, nevertheless, against the grantor. But if the
grantor of the easement, in such case, for a valuable consideration,
afterwards unconditionally conveys the servient tenement to another,
who takes without notice of the grant of the right of way, or of the
use of the way, and with no knowledge of facts sufficient to put him
on inquiry concerning it, he will take the land free from the burden
of the easement.

ID.—NOTICE OF EASEMENTS—PHYSICAL CONDITIONS SHOWING USE—PUR-
CHASER PUT ON INQUIRY—NOTICE.—If the way is at the time in use,
and, although not fenced, is marked on the ground either by the
effects of the travel over it or by fences or other bounds, so that it
is plainly visible and its use obvious to one who examines the
premises, the purchaser is put on inquiry with regard to such ease-
ment and cannot claim as a purchaser without notice thereof. He
cannot escape this by buying without examination, and is bound to
take notice of that which a reasonably careful inspection of the land
would disclose to him.

ID.—MERE GATE IN FENCE NOT NOTICE OF EASEMENT.—It cannot be said,
as matter of law, that a gate in a fence across the rear of a city
lot was alone sufficient to give notice to any one that the proprietor
of the lot owned or claimed an easement across the intervening land
from the gate to a public street for access to and from the street
from his lot, or that it was sufficient to put an intending purchaser
on inquiry as to such easement.

ID.—EVIDENCE—FINDING—PURCHASE NOT SUBJECT TO EASEMENT.—In
the light of the foregoing rules, and upon a review of the evidence,
it is held that the finding that the plaintiff took the land in ques-
tion free from the burden of the defendant's easement must be
sustained.

ID.—ADVERSE POSSESSION OF EASEMENT—INSUFFICIENT EVIDENCE—IN-
TERRUPTION AND PREVENTION OF USE.—Title to an easement cannot

be established by adverse possession where the evidence shows that its use by the adverse claimant was disputed and was frequently interrupted and from time to time temporarily prevented during the period prescribed by the statute.

ID.—NEW TRIAL—NEWLY DISCOVERED EVIDENCE—LACK OF DILIGENCE.— In order to obtain a new trial because of newly discovered evidence, the moving party must show that he used reasonable diligence to discover it prior to the trial and that he failed to discover it and did not, in fact, know of it in time to produce it, or in time to apply for a continuance in order that he might produce it, at the trial. In view of this principle, the court did not err in denying the defendant a new trial on the ground of newly discovered evidence to the effect that the roadway along the strip claimed as a way was well beaten and clearly visible from the effects of use at and prior to the time of the plaintiff's purchase of the servient tenement.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. W. P. James, Judge.

The facts are stated in the opinion of the court.

J. L. Murphy, for Appellants.

E. L. Brady, and J. L. Brady, for Respondents.

SHAW, J.—When the owner of a parcel of land buys an easement over adjoining land for a way from his land to a public street, such easement becomes at once appurtenant to his land, giving him access to the street over such way.

If he fails to have the conveyance for such easement legally recorded, it remains good, nevertheless, against the grantor of the easement. But if the grantor of the easement, in such case, for a valuable consideration, afterwards unconditionally conveys the servient tenement to another, who takes without notice of the grant of the right of way, or of the use of the way, and with no knowledge of facts sufficient to put him on inquiry concerning it, he will take the land free from the burden of the easement. (Civ. Code, secs. 1214, 1217; *Bell* v. *Pleasant,* 145 Cal. 413, [104 Am. St. Rep. 61, 78 Pac. 957].)

If the way is at the time in use, and, although not fenced, is marked on the ground either by the effects of the travel over it or by fences or other bounds, so that it is plainly visible and its use obvious to one who examines the premises, the purchaser

is put on inquiry with regard to such easement and cannot claim as a purchaser without notice thereof. He cannot escape this by buying without examination. He is bound to take notice of that which a reasonably careful inspection of the land would disclose to him.

These well established principles are decisive of the present case. On June 5, 1888, I. R. Dunkelberger conveyed to John Rebman lot numbered 26 of block A, in the Dunkelberger tract, fronting fifty feet on the south line of Ninth Street in the city of Los Angeles, and extending back two hundred feet. On the following day Dunkelberger, who then owned the land lying to the east and south of said lot, conveyed to Rebman a right of way twelve feet wide from the rear of said lot and extending one hundred feet east to a public blind alley opening into a public street called Sunbury Street. This conveyance was not acknowledged and was never recorded. Afterward Rebman conveyed lot 26 to his wife, Frances M. Rebman, the principal defendant herein, who has ever since remained the owner thereof. This conveyance, of course, carried with it the appurtenances, including the said right of way for access to the street from the rear of the lot. The Rebmans resided on lot 26 before the deed from Dunkelberger to Rebman in 1888, and have ever since resided there. Rebman used the rear end of the lot as a place for storing lumber and building material, and used said way as a means of ingress and egress. A barn was built by him on the southwest corner of the lot and a fence was built inclosing the lot. A gate was made in the fence at the rear, by means of which access to the way from the lot was afforded. The way was used by him whenever occasion required, from 1888 down to October 23, 1907, when this action was begun. On May 10, 1902, Dunkelberger, for a valuable consideration, conveyed to Alida A. Pollard, the principal plaintiff herein, all the land south of lot 26, including the way in question. (B. S. Pollard is joined merely because he is her husband.) The way was not excepted and no mention of the Rebman easement was made in the deed to Mrs. Pollard. The purchase was made for Mrs. Pollard by S. B. Abbott, her father. Neither he nor his daughter knew anything of the conveyance of the right of way, or of Rebman's claim thereunder. Abbott and Mrs. Pollard both examined the premises before purchasing, but neither of them

saw the gate or observed any marks on the ground indicating any use of the said way. The gate was plainly visible and the mere fact that they did not observe it would not exempt them from its effect as notice of the existence of the easement, if it was sufficient to constitute notice thereof. If the marks of use of the way were then plainly visible, they would be chargeable with notice of them also. On this point, however, there was evidence on behalf of the plaintiff to the effect that there were at that time no marks on the ground comprising the right of way to indicate that it was or had been used as a way from Rebman's lot to the street, or at all. The defendant apparently offered no evidence as to the condition of the ground in this respect at that time. We must, therefore, since the finding of the court was adverse to defendants, assume that there were no such indications of use. The only thing to put Mrs. Pollard on notice of the easement was the gate in Rebman's back fence. It cannot be said, as matter of law, that this gate alone was sufficient to give notice to any one that Rebman owned or claimed an easement across the intervening land from his gate to the public street for access to and from the street from his lot, or that it was sufficient to put an intending purchaser on inquiry as to such easement. The finding of the court that Mrs. Pollard took her land free from the burden of the easement must be sustained.

Defendants also claim title to the easement by adverse possession, continuing from the time of Mrs. Pollard's purchase in May, 1902, to the time the action was begun, being a few months more than the five years required to gain title by such means. The evidence shows that the use by Rebman was disputed and that it was frequently interrupted and from time to time temporarily prevented during this period. This is sufficient to defeat this claim of title by prescription.

A motion for a new trial, made on the ground of newly discovered evidence, was denied by the court. We perceive in this no abuse of discretion or error on the part of the trial court. The only new evidence for the defendant, set forth in the affidavits, consisted of testimony to the effect that the roadway along the strip claimed as a way was well beaten and clearly visible from the effects of use, at and prior to the time of Mrs. Pollard's purchase. In order to obtain a new trial because of newly discovered evidence, the applicant must show

that he used reasonable diligence to discover it prior to the trial and that he failed to discover it and did not, in fact, know of it in time to produce it, or in time to apply for a continuance in order that he might produce it, at the trial. As Rebman and his wife lived on the lot and themselves caused the use by which they claim that the roadway was made visible on the ground, they must admit that they knew, better than any one else, of the existence of such marks. The witnesses now proposed to be produced and whose testimony, it is claimed, has been discovered since the trial, were either employees of Rebman who used the way and made the marks while in his service, or persons who lived on adjoining lots and who were well known to him at the time. It is not claimed that they were out of the state or that their whereabouts was unknown at any time. No reason is given for the failure to ascertain what they would testify, or for the failure to produce them as witnesses, except that defendants did not expect that Mrs. Pollard or Mr. Abbott would deny that they saw the roadway and the marks of use thereof on the ground. Defendants heard them testify at the trial and did not then ask for a continuance to procure rebuttal testimony, nor did they themselves testify that any wheelmarks, hoof marks, or other evidence of use of the way, was visible on the ground. They cannot deny that they then had good reason to believe that the proposed new witnesses could and would testify that there were such marks, if, in fact, they existed. It is obvious that reasonable diligence was not used. This is sufficient to uphold the denial of the new trial.

The judgment for plaintiffs and the order denying defendants' motion for a new trial are affirmed.

Angellotti, J., and Sloss, J., concurred.

Hearing in Bank denied.