[Sac. No. 2738.  Department Two.—June 9, 1919.]

JOHN SERVICE et al., Respondents, .v. K. BEDROS, Appellant.

[1] WATER RIGHTS—VERBAL AGREEMENT FOR DITCH—AGENCY FOR OWNERS—EVIDENCE.—In this action to prevent defendant from interfering with a ditch running through his land and which furnishes water for irrigation of plaintiffs' lands, it is held from an inspection of the typewritten transcripts, the findings, and the opinion of the trial court that the third parties who entered into a verbal agreement with defendant's predecessor and plaintiffs for rights of way for the ditch were the agents of all the parties, securing from said predecessor the right to construct the ditch and supply water to the lands below, and communicated that consent to the owners of such lands, who, for the purpose of securing the benefits promised, joined in the construction and gave the right of way through their respective premises.

APPEAL from a judgment of the Superior Court of Stanislaus County.  W. H. Langdon, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Joseph M. Cross and Francis O. Hoover for Appellant.

Hawkins & Hawkins for Respondents.

WILBUR, J.—Respondents brought an action against the appellant to prevent him from interfering with a certain ditch furnishing water for irrigation of respondents' land, which ditch runs through the appellant's land. This ditch, about ten feet wide at the bottom and five feet deep, had been constructed by Maze and Wren about fifteen years before this action was brought, for the purpose of conducting water from Lateral No. 3 of the Turlock Irrigation District to a colony tract belonging to Maze and Wren, and ran through the land of the several respondents. In order to procure rights of way for said ditch, Maze and Wren entered into a verbal agreement with appellant's predecessor and with the several respondents. The respondents gave the right of way for said ditch through their property below the lands of the appellant and above the lands of Maze and Wren, and co-operated in the construction of the ditch, upon consideration of their being allowed to use the ditch for the purpose of conducting irrigating water to and upon their own lands. Maze and Wren paid Mollard, the then owner of the Bedros land, $120 for the right of way and in consideration of Mollard enlarging the ditch and extending the same about one hundred feet. In pursuance of this arrangement the ditch was constructed, and for more than fifteen years the water has flowed across the land of the appellant to and through and sometimes upon the lands of the various respondents.

Respondents base their claim to the ditch upon the executed oral agreement. Mollard, it should be noted, after having sold the land now owned by Bedros, title to which has vested in the latter by mesne conveyances, purchased or theretofore owned one of the pieces of property below the Bedros land irrigated from the ditch in question. Appellant contends that the agreement made by Mollard does not make the tenement owned by him a servient one, for the reason that in the agreement in question no dominant estate is pointed out, and that Bedros at the time he purchased had no notice or knowledge of the rights of the respondents. The portion of the record printed by the appellant in his brief is very meager. In the opening brief, while in the statement of facts appellant inserts

frequent parenthetical references to the typewritten transcript, only one short excerpt of twenty-five lines from the testimony is printed, and this consists of quotations from the testimony of Mollard with relation to his agreement with Maze and Wren. The quotation, taken alone, is unintelligible, as there is nothing to show the connection of Maze and Wren with the various parties to the transaction. No portion of the pleadings, findings, or judgment is printed in the opening brief and in appellant's reply brief, after his attention had been called by respondents to the statutory requirement that parties must print in their briefs "such portions of the record as they desire to call to the attention of the court" (Code Civ. Proc., sec. 953c), he contents himself, so far as the judgment-roll is concerned, with the following quotation from the findings: "That the plaintiffs were at all times mentioned in the complaint and are now the owners of a certain irrigating ditch and the right of way therefor situated, etc." In the reply brief appellant also prints testimony indicating that Foster had never used any water from the ditch except for watering stock; that Service never used any of the water to irrigate with; that Carter never used any water from the ditch on his land; that Mollard never used any of the water to irrigate his land east of the ditch, and that Farr never used any of the water for irrigation purposes. The typewritten transcript contains 176 pages. The burden is upon the appellant to show that there has been a miscarriage of justice, in order to justify a reversal of this case. Instead of that, it is fairly apparent that he is seeking to take advantage of the fact that the parties wrote their agreement on the ground instead of on paper. The principal contention of the appellant is that the agreement relied upon by respondents was made by the appellant's predecessor with Maze and Wren and not with respondents. [1] That portion of the record printed in the briefs does not make the situation clear, but an inspection of the typewritten transcript, the findings, and opinion of the trial court discloses the fact that Maze and Wren, so far as the rights of the parties to this case are concerned, were the agents of all of the parties, securing from Mollard the right to construct the ditch and to supply water to the lands below, and communicated that consent to the owners of the lands below, who, for the purpose of securing the benefits promised by Mollard, joined in the construction of the ditch and gave the right of way through

their respective premises. There is nothing in the proposition advanced by appellant that the dominant estate was not sufficiently indicated by the agreement, for Mollard testified that it was his understanding that the water was to be used upon the particular parcels of land then owned by the respondents or their predecessors. These lands were identified at that time merely by the names of the owners, their contiguity to the ditch and their location below the land of Bedros. They are, however, identified in the complaint, findings, and judgment by complete description. The court does not specifically find that Maze and Wren were the agents of the various parties for the purpose of securing the rights of way and constructing this ditch, but in finding No. 7 the relation of Maze and Wren to the parties to the transaction is fully set forth. This finding is not printed in the briefs and we need not incorporate it here, but it is fully justified by the evidence. There is no merit in the point that Badros had no notice of the rights of the respondents. (*Pollard* v. *Rebman,* 162 Cal. 633, [124 Pac. 235].)

We agree with the statement of the trial judge contained in his opinion set out in the typewritten transcript as follows: "It would be an exceedingly technical construction of the law that would deprive Service, Foster et al., of the use of this ditch under the circumstances of this case."

While we would be justified in affirming the judgment of the trial court on the ground that, by the meager and confusing portions of the evidence and record in the briefs, appellant has failed to show any miscarriage of justice, we are satisfied from an examination of the typewritten transcript that there has been no miscarriage of justice.

The judgment is affirmed.

Lennon, J., and Melvin, J., concurred.