[S. F. No. 9928. In Bank.—April 11, 1923.]

## MANUEL VARGAS, Appellant, v. M. F. MADEROS, Respondent.

[1] EASEMENTS—DEEDS—EVIDENCE.—A deed to a lot purchased from an owner of an entire tract, in which said lot is situated, conveys to the purchaser as an appurtenant to his land a right of way extending from the house on said lot to and across other premises situated in said tract and subsequently purchased by another, which right of way has been used for over forty years as a means of getting to and from said house, is clearly marked upon the ground and is used by the grantee from and after the time of his purchase and at the time the said other premises are purchased over which the right of way extends.

[2] ID.—APPEAL—JUDGMENT—FINDINGS.—On an appeal from a judgment establishing the right of the defendant to use a strip of land extending across plaintiff's land as a right of way, which judgment is based on a finding (conceded to be erroneous) that the strip in question was a public highway, where the entire record shows that the substantial controversy litigated before the trial court was as to the right of the respective parties in and to the strip of land in controversy, and that their respective rights were fully presented to the trial court, under such circumstances the fact that the defendant predicated his right to use the said strip for ingress and egress upon the proposition that it was a public highway included the lesser right which he successfully established, namely, a private right of way.

[3] ID.—NEW LOCATION—TRANSFER OF RIGHTS—ACQUIESCENCE—EVIDENCE.—Where a roadway, in which a land owner had a right of way, was plowed up by the owner of the land over which said roadway extended in such fashion that it could not subsequently be used as a right of way and the parties by mutual consent substituted therefor a newly located way, which was subsequently used by the first land owner, in view of this acquiescence the rights of the parties were transferred to the new location.

191 Cal.—1                    (1)

APPEAL from a judgment of the Superior Court of Contra Costa County. R. H. Latimer, Judge. Reversed.

The facts are stated in the opinion of the court.

A. S. Ormsby, W. S. Tinning and R. L. Boyer for Appellant.

J. E. Rodgers and A. F. Bray for Respondent.

WILBUR, C. J.—This action involved the rights of the respective parties in and to a strip of land which has been used by the respondent as a right of way for ingress and egress to the tract of land owned by him. The parties are both purchasers from the Varney Estate Company. The latter company owned a large tract of land and subdivided it into farming tracts. The defendant purchased lot number 3 as indicated upon the subdivision map of said land in 1914 and in 1916 the plaintiff purchased lot number 5. At the time of the purchase by the defendant a roadway extending from the house upon the premises purchased by him had long been in use to and across the land subsequently purchased by the plaintiff. This roadway had been used for over forty years as a means of getting to and from the residence upon lot 3 and was clearly marked upon the ground and was used by the defendant from and after the time of his purchase and at the time the plaintiff purchased lot 5 over which such roadway extended. [1] Under these circumstances it seems clear that when the owner of the entire tract sold to defendant lot number 3 the deed conveyed to him as an appurtenant to his land this long-established right of way. The authorities are so numerous upon that question in this state that it seems unnecessary to do more than cite the provisions of the Civil Code upon that subject (Civ. Code, secs. 1084, 1104) and some of the more recent cases upon that subject (*Nay* v. *Bernard,* 40 Cal. App. 364 [180 Pac. 827]; *Jersey Farm Co.* v. *Atlanta Realty Co.,* 164 Cal. 412 [129 Pac. 593]; *Cheda* v. *Bodkin,* 173 Cal. 7 [158 Pac. 1025]; see, also, cases cited in note 23 to Civ. Code, sec. 1084, Kerr's Cyc. Code of Cal.). The trial court was correct in its conclusion that the right of

way exercised by the defendant and respondent for ingress
and egress, to the public highway running through the large
tract of land owned by the Varney Estate Company at the
time of the subdivision and shown upon the map of said
subdivision with reference to which both the parties hereto
purchased their land, was a rightful use. In arriving at
this conclusion, however, the trial court found that the strip
of land in controversy so used was a public highway. It is
conceded by the respondent that this conclusion was erro-
neous, and predicating its contention for a reversal partly
upon that admission, the appellant claims that the only issue
between the parties was over the question as to whether or
not the strip in controversy was a public highway. [2]
We are not disposed to critically analyze the pleadings or
the findings and judgment for the purpose of determining
whether that position is substantially correct, for the reason
that it is clear from the entire record that the substantial
controversy litigated before the trial court was as to the
right of the respective parties in and to the strip of land in
controversy, and their respective rights were fully presented
to the trial court. Under the circumstances of the case the
fact that the respondent predicated his right to use the strip
of land for ingress and egress upon the proposition that it
was a public highway included the lesser right which he
successfully established, namely, a private right of way.

[3] We have thus far ignored the fact that the roadway
used at the time the respective parties purchased their re-
spective lots of land was plowed up by the plaintiff in such
fashion that it could not subsequently be used as a right of
way and the parties by mutual consent substituted therefor
a newly located way, which was subsequently used by the
defendant. In view of this acquiescence the rights of the
parties were transferred to the new location (14 Cyc. 1205;
19 C. J. 953). The conclusion of the trial court that the
defendant had a right of way over the strip in question was
fully justified by the facts and circumstances proved in the
case.

The judgment of the trial court is reversed and the case
is remanded, with instructions to the trial court to enter a
new judgment upon the findings to the effect that the de-
fendant and respondent is entitled to the use of the strip in

question as a private right of way. Appellant to have his costs.

Myers, J., Lennon, J., Waste, J., Lawlor, J., Kerrigan, J., and Seawell, J., concurred.