[Civ. No. 6309. First Appellate District, Division Two.—October 11, 1928.]

ADELE CONNER et al., Appellants, v. J. E. LOWERY, Respondent.

The facts are stated in the opinion of the court.

Clarence N. Riggins for Appellants.

Percy King, Jr., Frank W. Sawyer and William R. Lowery for Respondent.

NOURSE, J.—Plaintiffs sued to quiet title to three parcels of land situated in Napa County. The defendant appeared and claimed an open right of way over parcels one and three of plaintiffs' land. Judgment went for plaintiffs quieting their title subject to the right of way claimed by defendant. The plaintiffs have appealed on a typewritten transcript.

Plaintiffs concede that defendant, through his predecessors in interest, obtained, partly by grant and partly by prescription, an open right of way over the land in question and that this was used as a road and means of ingress to defendant's land from the county road from the year 1868.

In the year 1918 James Mallock, the immediate predecessor in interest of the plaintiffs, conveyed to defendant "an open right of way—in common with the grantor over the road now being constructed by the parties from James Mallock's barn to the county road." This deed was made subject to the condition that the parties should each pay one-half the expenses of fencing, building, and maintaining the road, an obligation which should run with the land and be a condition to the enjoyment of the right granted. It is conceded that the road covered by this deed is the same as that used by the parties and their predecessors since 1868. The events leading to the execution of this deed are: Mallock was contemplating the purchase from Mrs. Adams of parcel three described in plaintiffs' complaint, but Mrs. Adams desired to have a portion of the road running through her orchard relocated along the line of a small creek. At the instance of Mallock, the defendant joined with him in the execution of the deed of May 31, 1918, releasing such portion of the road as was included in the lands to be retained by Mrs. Adams, and which, it is conceded, covered the portion running through the Adams orchard and did not cover any portion running through any lands belonging to the parties in this suit. On June 5, 1918, Mrs. Adams conveyed parcel three to Mallock and the road thus became located wholly on Mallock's property except for the small portion running through the Adams orchard. It is the contention of the defendant that he obtained nothing from Mallock through the deed of June 6, 1918; that the new portion of the road was located by mutual consent of all parties; and that the deeds of May 31 and June 6, 1918, were both part of the same transaction to enable Mallock to effect his purchase from Mrs. Adams.

The controversy between the parties arose after the plaintiffs had purchased from Mallock and after they had performed some labor upon the road which they assumed was in excess of that performed by the defendant. A demand was made upon defendant that he perform additional labor upon the road and that he pay plaintiffs one-half the amount they had expended. When the defendant endeavored to perform work upon the road, the plaintiffs prevented him from doing so and failed to notify him at any

time what amount they had expended or what amount they claimed from him.

The trial court found that no additional right was conveyed to defendant by the deed of June 6, 1918; that the language of this deed did not constitute a condition subsequent, but an agreement, for which there was no consideration. It was also found that the defendant had expended a large sum of money in building and maintaining the road since June 6, 1918; that, prior to the commencement of the action he was prevented by plaintiffs from performing additional work thereon; that plaintiffs had also expended large sums upon the road but had failed to notify defendant of any sum so expended or to demand payment of any portion thereof.

These findings are all amply supported by substantial evidence and the only question which requires consideration is whether the stipulation in the deed of June 6, 1918, is a condition subsequent or an agreement. We are convinced that it is merely an agreement, and an unenforceable one at that, because it is too indefinite and uncertain and because it is wholly without consideration. It is indefinite and uncertain because it does not provide how the expenses of fencing off, building, and maintaining the road are to be incurred, who is to determine what is necessary for those purposes, or when or in what manner the expense thereof is to be paid. Conditions subsequent "are not favored in law because they tend to destroy estates, and no provision in a deed relied on to create a condition subsequent will be so interpreted if the language of the provision will bear any other reasonable construction." (*Hawley* v. *Kafitz*, 148 Cal. 393, 394 [113 Am. St. Rep. 282, 3 L. R. A. (N. S.) 741, 83 Pac. 248, 249].) As respondent obtained nothing by reason of the deed, it would be an unreasonable construction of this provision to hold that it was intended as a condition subsequent working a forfeiture of a pre-existing right with no consideration to him.

That respondent gained nothing is clear. He then held, by deed, an undisputed right to a right of way over all the lands owned by appellants. By the quitclaim deed of May 31, 1918, he joined with appellants' predecessor in releasing his claim to that portion of the right of way running over the land of Mrs. Adams, but they expressly ex-

cepted from such release the portion of such right of way included in the tract "which said Mallock is now about to purchase from said Lydia F. Adams." By this exception the respondent retained all the rights over appellants' lands which he had theretofore held and his interest therein was expressly confirmed by Mallock by the deed of May 31, 1918, leaving nothing for him to convey to respondent on June 6th.

It is argued that, by the release of a portion of the road to Mrs. Adams, the old right was abandoned and thus a new right was created by the deed of June 6th. But the abandonment was merely a part of a plan for a relocation of a small portion of the road over lands which neither party to the deed owned. Though the new road was not in actual use at the time of the deed, the relocation had been made by mutual consent of the parties and respondent's rights were not affected by the change. (*Vargas* v. *Maderos*, 191 Cal. 1, 3 [214 Pac. 849]; *Ricioli* v. *Lynch*, 65 Cal. App. 53, 58 [223 Pac. 88].)

Judgment affirmed.

Sturtevant, J., and Buck, P. J., *pro tem.*, concurred.