[Civ. No. 18930. First Dist., Div. Two. June 30, 1960.]

AMERCO, INC. (a Corporation), Respondent, v. BARNEY R. TULLAR et al., Appellants.

Peter H. Behr and Rowland R. King for Appellants.

Raymond W. Shellooe for Respondent.

DRAPER, J.—Decree in this quiet title action determines that plaintiff owns a right of way over defendants' property, enjoins interference with plaintiff's use of this easement, and awards damages to plaintiff. Defendants appeal.

One Chamberlain owned land on the east side of the Los Gatos-Santa Cruz highway. His holdings included the parcels now owned by the parties to this action. In 1950, Chamberlain built a service station on the parcel now owned by plaintiff. The blacktop surfacing for the service station extended over a triangular piece at the front of the property adjoining the station on the north, so as to afford an approach for cars of patrons. In 1952, he contracted to sell to plaintiff the service station property, together with the easement over the land on the north. Grant deed of land and easement was deposited in escrow. In August, 1956, the parcel to the north of the service station was sold by Chamberlain to defendants. The right of way previously granted to plaintiff was neither reserved nor mentioned in the deed to defendants. This deed was recorded promptly upon delivery. The deed to plaintiff was recorded in 1958. On February 7, 1959, defendants erected a fence along the line dividing their property from plaintiff's, thus barring use of the approach right of way by plaintiff. This action was commenced a week later.

The evidence establishes that the surfacing over the service station property and the portion of defendants' land which constituted an easement or approach to it has been maintained as a single unit since construction of the station in 1950. From that time until construction of defendants' fence, the approach was used daily by a substantial number of automobiles driven to and from the station. For six months before they bought their land in 1956, defendants lived upon immediately adjoin-

ing land from which the service station is visible. Defendant husband admitted that during this period immediately before his purchase he saw the approach being used regularly by service station patrons.

The trial court found that plaintiff is the owner of the "right of way and easement," and that for seven years plaintiff has used the right of way "continuously in an open and notorious manner, without interruption or interference by defendants or their predecessors."

It is true that the latter finding gives some indication that the court proceeded upon the theory that plaintiff acquired the easement by adverse user. However, the use during Chamberlain's ownership was permissive, and that after defendants' purchase was for less than the statutory period. Accordingly, as respondent concedes, adverse possession cannot be relied upon to sustain the decree.

 Defendants rely upon the fact that their deed, although subsequent to the conveyance to plaintiff, was first recorded. To prevail upon this claim, however, defendants must show that they took in good faith and without notice of the prior deed to plaintiff (Civ. Code, §§ 1214, 1217). The burden of showing such lack of notice is upon the grantee of the second deed (*Bell* v. *Pleasant,* 145 Cal. 410 [78 P. 957, 104 Am.St.Rep. 61]).

The rule applies equally where the deed first in time but second in recording conveys an easement. If the easement is in use and is open and apparent, the subsequent purchaser of the fee is put upon notice, and he takes subject to the easement (*Taylor* v. *Ballard,* 41 Cal.App. 232 [182 P. 464]; see also *Pollard* v. *Rebman,* 162 Cal. 633 [124 P. 235]).

This rule clearly is applicable here. Plaintiff's right of way over the land purchased by defendants was clearly marked and defined by the paving covering it. Its use was obvious to and in fact observed by defendants. The finding that this use was open and notorious is equivalent to a finding that defendants were put upon inquiry. Since there is no conflict whatever in the evidence upon this point, we have no hesitancy in holding that the finding, although somewhat inartistically drawn, is a finding of notice to defendants. It would serve no purpose to remand the case for elaboration of this finding.

Judgment affirmed.

Kaufman, P. J., and Stone, J., pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.