[Civ. No. 9966. Third Dist. Sept. 13, 1961.]

LOIS M. JOHNSTONE et al., Appellants, v. GEORGE A. BETTENCOURT et al., Respondents.

Howard J. Coleston and Thomas Schneider for Appellants.

Frederic S. Crump for Respondents.

PEEK, J.—Plaintiffs Lois M. and James A. Johnstone appeal from an adverse judgment in an action brought by them to quiet title in an easement, to enjoin obstructions of said easement and to abate a nuisance.

By their complaint, plaintiffs alleged that they were the owners of Lot 94 in a subdivision bordering Clear Lake, known as Lake Shore Park; that defendants George A. and Ethel Bettencourt were the owners of adjoining Lots 95, 96, and 97 in the same subdivision; that they (the plaintiffs) were also owners of a right-of-way of easement across defendants' property, known as Yerba Santa Road and recorded on the official plat of the subdivision. Plaintiffs further alleged that the defendants, claiming an interest adverse to theirs in this easement, obstructed and interfered with plaintiffs' use thereof and did so willfully and maliciously.

Plaintiffs' second cause of action alleged that the various deeds to the lots in Lake Shore Park subdivision contain certain restrictive covenants, one of which prevents the construction of any "dock, wharf, quay, pier or other permanent structure . . . extending into the waters of Clear Lake or any bay or inlet thereof"; that defendants had violated this restriction by constructing and maintaining a rock and cement

breakwater, which extends into the waters of Clear Lake near the common boundary line of plaintiffs' and defendants' property. Plaintiffs asked for damages and a mandatory court order to compel defendants to remove the obstructions on said easement and also to remove the breakwater.

Defendants' answer admitted that plaintiffs were the owners of Lot 94 and the easement as alleged in the complaint, but denied generally the remaining allegations of plaintiffs' first and second causes of action. As separate defenses, defendants alleged, among other things: that the construction of the breakwater was necessary to protect their property from erosion, and that the acquiescence of plaintiffs to similar violations by other property owners of the subdivision constituted a waiver to defendants' violation.

At the outset of the trial, plaintiffs and defendants entered into a stipulation that each of the parties were the owners of certain lots; that said lots were subject to certain restrictions; and that each obtained an easement over the Yerba Santa Road as shown on the official map of said subdivision. Plaintiffs' counsel then stated that when they filed their complaint they assumed that the existing road across defendants' property was the easement shown of record, but that it now appeared that such was not the case.

When it became evident, following an examination by a licensed surveyor, that both plaintiffs and defendants were in error in believing that the location of the traveled road which they had been using was the true location of Yerba Santa Road, the court ordered a survey made. Such survey disclosed that the traveled road which both parties had accepted as Yerba Santa Road deviated from the true Yerba Santa Road as recorded on the official map. The evidence further disclosed that no road had ever been established over the true course of Yerba Santa Road as recorded.

On appeal, plaintiffs contend it was error of the trial court to find that plaintiffs had an easement on the traveled road which was contrary to the stipulation entered into by the parties that an easement existed over the Yerba Santa Road as shown on the official map of the Lake Shore Park subdivision.

We cannot agree with plaintiffs' contention, for it is within the discretion of the trial court to disregard a stipulation that has been entered into through inadvertence or mistake of fact. (46 Cal.Jur.2d 43.)

The parties, when they entered into the stipulation, be-

lieved that the traveled road was the Yerba Santa Road as shown on the official plat. Not until after the court-ordered survey was made were the parties aware of the fact that the traveled road deviated from the Yerba Santa Road as recorded. Under such circumstances, we cannot say that the court abused its discretion when it disregarded the stipulation by the parties. (*Back* v. *Farnsworth,* 25 Cal.App.2d 212 [77 P.2d 295].)

Plaintiffs next challenge the correctness of the findings of the trial court, relying on the rule expressed in *Krupp* v. *Mullen,* 120 Cal.App.2d 53 [260 P.2d 629], that when a party has an opportunity to plead an estoppel upon which his defense depends, he must do so.

We are not disposed, however, to critically analyze the pleadings or the findings and judgment for the purpose of determining whether such is substantially correct, since it is clear from the entire record that the controversy as presented to the trial court related solely to the right of the respective parties in and to the easement in controversy and its location.

The record discloses that both parties purchased their respective lots from a common grantor—the defendants in 1948 and the plaintiffs in 1952—and that the deeds to the lots conveyed referred to a map upon which Yerba Santa Road was shown.

The record further discloses that at the time defendants purchased their lots they were informed by the real estate agent that the traveled road across their property was Yerba Santa Road; that this traveled road had been in general use by both plaintiffs and defendants in the belief that it was the true course of Yerba Santa Road; and that no road has ever been established over the records course because of a steep embankment along said course, making it impractical, as well as uneconomical, to construct such a road.

 It is settled that the recording of a map of a subdivision showing streets or roads and the sale of the lots by reference to such a map creates an easement in the grantee to use the street or road delineated on the map. (*Danielson* v. *Sykes,* 157 Cal. 686 [109 P. 87, 28 L.R.A. N.S. 1024].) Thus, the deed of plaintiffs' which referred to the subdivision map showing the course of Yerba Santa Road created an easement of a right-of-way for plaintiffs' use. It is competent, however, for the parties to change the location by mutual consent (*Vargas* v. *Maderos,* 191 Cal. 1 [214

P. 849]), and such consent may be implied from their use and acquiescence (28 C.J.S., Easements, § 84, pp. 763-764).

■ If by mutual consent, either express or implied, the parties do substitute a new route or course, the existing rights are not affected by the change, but attach to the new location. (*Zunino* v. *Gabriel*, 182 Cal.App.2d 613 [6 Cal.Rptr. 514].)

■ Since the time plaintiffs purchased their lots in 1952, they have continuously used the traveled road. Moreover, plaintiff testified that in 1955 he had a conversation with defendants regarding the right-of-way and had suggested having a survey made of Yerba Santa Road so that "everybody could use the right-of-way as it was originally intended." No survey was made following this conversation and plaintiffs continued to use the traveled road.

From these facts we are unable to conclude other than that the trial court properly found that the right-of-way easement was that over the traveled Yerba Santa Road; for despite notice imparted to plaintiffs by the recordation of the subdivision map showing the true course of Yerba Santa Road and the doubts manifested by them as to the true course when they suggested a survey be made, they continued to use the traveled road. Such use and acquiescence by plaintiffs implies that they consented to the presently located traveled Yerba Santa Road. Plaintiffs' rights to an easement are not affected; this right attaches to the easement established by the trial court—the traveled road.

■ As to plaintiffs' second cause of action relating to the breakwater constructed by defendants in violation of the restrictive covenants, the court properly found that plaintiffs waived any right that they may have had to enforce said restriction when they acquiesced to similar constructions by other owners of land in the subdivision. (3 Tiffany, Real Property [3d ed.] § 871, p. 510.)

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.

A petition for a rehearing was denied October 9, 1961, and appellants' petition for a hearing by the Supreme Court was denied November 8, 1961.