[Civ. No. 286. Fifth Dist. Dec. 9, 1963.]

CHARLES F. GOFF et al., Plaintiffs and Respondents, v. ELMER SHAW et al., Defendants and Appellants.

Don C. Mayes, Samuel K. Brantley, J. Wilmar Jensen and Gerald V. Underwood for Defendants and Appellants.

C. Ray Robinson and Jonathan H. Rowell for Plaintiffs and Respondents.

STONE, J.—This action concerns the right of respondents to transport irrigation water across land owned by third persons.

Mr. George, who is not a party to this action, owned contiguous lots of approximately 10 acres each, near the City of Dos Palos, County of Merced. He sold the south lot to appellant Shaw, who subdivided it. Prior to Shaw's purchase, an open ditch carried irrigation water from a source on the north lot, retained by George, southerly about half way across the Shaw lot and thence westerly to the west line thereof. Shaw's west line is also the east line of respondents' property. However, respondents own only the south half of the lot adjoining Shaw on the west; the north half is owned by one Plescher, who is not a party to this action.

Before Shaw subdivided his lot, the owners of all four parcels involved, respondents Goff, appellant Shaw, Mr.

George and Mr. Plescher, by mutual agreement relocated the irrigation ditch so that it no longer ran south and through the proposed subdivision parcel, but directly west on the property retained by George, to the lot owned by Plescher, and thence southerly to respondents' property. Thus the ditch was relocated along the common east-west boundary between the subdivision property and the Plescher and Goff parcels, but entirely on the Plescher and Goff side of the common boundary.

Some time later it became necessary for Shaw to obtain an additional 10 feet of the land at the west end of his property, to meet subdivision street requirements. Shaw's agent, appellant Survera, negotiated a purchase of the 10-foot strip, the north half from Plescher and the south half from respondents Goff. However, before Goff would deed his 10 feet on which the ditch had been relocated, he required appellant Survera to insert a clause in the sales agreement that Plescher's consent would be obtained to relocate the ditch parallel to the 10-foot strip. The 10-foot strip of land was deeded to Shaw by Plescher and Goff. The City of Dos Palos then paved the strip where the ditch had been, and Plescher permitted a new ditch to be dug across his property.

Approximately one year later Plescher wrote Goff that he contemplated subdividing his land and that he would require Goff to lay a covered pipeline in the place of the open ditch. Goff then filed this action, joining as defendants, Shaw, his agent Survera, and two real estate salesmen, appellants Brown and Blakesley, who were selling lots in Shaw's subdivision.

Goff sought an injunction preventing interference with his transportation of water from the George property and also to compel all four defendants to restore his right to transport irrigation water over and across "said adjacent property." Additionally, the complaint alleged the contract to relocate the ditch in connection with the sale of the 10-foot strip of land and defendants' failure to comply with the terms of the contract, but the trial court's findings and judgment relate solely to the easement for a ditch across the property purchased by Shaw.

■ Appellants Glen Brown and Sam Blakesley were found by the court to be engaged in a joint venture in the subdivision project with appellants Shaw and his agent, Survera. Pursuant to this finding, appellants Brown and Blakesley were enjoined from interfering with respondents' water rights and affirmatively ordered to restore respondents' right

to transport water. The evidence does not support the finding of a joint venture. From the record it is clear that Brown and Blakesley acted solely in the capacity of real estate salesmen employed to sell subdivision lots and houses. They were in no way concerned with the interference with respondents' right to transport water, and for that reason the judgment as to appellants Brown and Blakesley must be reversed.

Appellants Shaw and Survera contend the record does not support the trial court's finding that respondents acquired an easement for a ditch right-of-way across the subdivision property by adverse use, since the uncontroverted testimony of Mr. George was that Goff used the ditch with George's permission. Respondents argue that their 20 years of open, notorious and continuous use of the ditch established a presumption of adverse use which the court could weigh in support of the finding as against the testimony of Mr. George.

Although the correct rule appears to be that an open and notorious use of unenclosed land is simply another circumstance to be considered in determining the sufficiency of the evidence to support a finding of adverse use (*Le Deit* v. *Ehlert*, 205 Cal.App.2d 154, 162 [22 Cal.Rptr. 747]), the question is immaterial in light of the following sequence of events. The ditch was moved with the consent of all persons interested in the ditch, respondents Goff, appellant Shaw, Mr. George and Mr. Plescher. It was moved from its position across the property sold to Shaw and relocated straight west on George's property to Plescher's property and thence south on Plescher's to the property of respondents Goff. It completely by-passed respondent Shaw's subdivision parcel. Thus were we to assume that respondents acquired an easement across the parcel that Shaw bought from George, nevertheless, at this point in the sequence of events, the rights of the parties rested upon the new location of the ditch which had been substituted for the original location. (*Vargas* v. *Maderos*, 191 Cal. 1, 3 [214 P. 849]; *Zunino* v. *Gabriel*, 182 Cal.App.2d 613, 618 [6 Cal.Rptr. 514, 80 A.L.R.2d 1088].) The former easement across the subdivision property sold to Shaw was superseded or eliminated by the substitution of a new right of way entirely on the George parcel, and George was not made a party to this action.

The first relocation by mutual consent does not dispose of the case, however, for thereafter respondents Goff, and Plescher, sold to appellant Shaw a 10-foot strip of land bordering Shaw's property, upon which land the ditch had been

relocated. Goff and Plescher both knew that the strip was to be paved by the City of Dos Palos for a subdivision street. Respondents, in deeding their strip of property, made no reservation for a right of way for a ditch. We cannot follow respondents' argument that they retained an easement over the strip of property covered by the street.

 The record is extremely sketchy concerning the purchase of lots and houses in the subdivision, but we gather that the individual purchasers had no notice of the ditch that formerly ran across their properties, nor did the city have knowledge of any easement for a ditch when it paved a street on the 10-foot strip. Thus the following language of the Supreme Court, in *Smith* v. *Worn*, 93 Cal. 206, at page 213 [28 P. 944], is particularly appropriate: "Where the acts of the grantee have led other persons to treat the servient estate as free from the servitude, he will not be permitted to resume the easement, because he cannot do so without doing injustice to those who have acted upon the appearances of abandonment."

 Despite voluntarily agreeing to change the location of the ditch, respondents did not leave themselves without a means of redress. Respondents insisted that Shaw secure for them the right to maintain a ditch across the Plescher property, as part of the consideration for respondents' deed of the 10-foot strip of land. It was after this addendum to the agreement that respondents executed the deed. A new ditch was constructed pursuant to the agreement. Approximately one year later Plescher wrote Goffs that the open ditch would have to be replaced with a covered pipeline. Goffs then commenced this action.

It seems clear that if respondents have a cause of action against appellants, it lies not in their right to an easement across the subdivision property or along the 10-foot strip which is now a public street, but for breach of Shaw's contract to secure ditch rights across Plescher's property for them. It follows, therefore, that the finding that respondents have an easement across appellants' property is not supported by the evidence and that the decree ordering appellants to establish a right of way for a ditch across either the subdivision property or along the public street, must be reversed.

The judgment is reversed.

Conley, P. J., and Brown (R.M.), J., concurred.