[Civ. No. 22932.   First Dist., Div. Three.   Jan. 17, 1967.]

WALTER R. KOSICH et al., Plaintiffs and Respondents, v.
MANUEL J. BRAZ et al., Defendants and Appellants.

Crump, Bruchler & Crump and Bruce B. Bruchler for Defendants and Appellants.

Phillip M. Millspaugh for Plaintiffs and Respondents.

BROWN (H. C.), J.—Respondents filed an action for an injunction to restain appellants from interfering with their use of an easement. Appellants claim that this easement was limited to a 12-foot roadway and that respondents were exceeding that limitation at one point of the road and encroaching on their land. The trial court held that the respondents were entitled to an enlargement of the easement in conforming to the original intent of the parties and gave judgment accordingly.

There is no substantial dispute relative to the facts. Respondents and appellants are adjoining landowners. Originally both lots were part of one parcel owned by one Velmo Sullivan. He conveyed one of the lots to appellants in 1956 but reserved in the conveyance a 12-foot wide strip of land as an easement for road and utility purposes over appellants' lot so that there would be ingress and egress to the lot which he retained. The easement comes to a right-angle turn at one point on appellants' property. It was found to be impossible to drive an automobile around this angle without exceeding the area reserved by the express easement. Sullivan continued to own the lot adjoining appellants' until 1961. During the 4½-year period of Sullivan's ownership between 1956 and 1961, Sullivan came to his property three or more times a month and used the easement. Sullivan admitted that he "might have cut" the corner a little bit. The trial court could have concluded that Sullivan always cut the corner because of other witnesses' testifying that it was practically impossible to make the turn without requiring an additional 8 feet. Sullivan did this without objection from appellants. In 1961 Sullivan conveyed his lot (lot 5) together with the easement on appellants' property to respondents. The respondents found that they could not negotiate an automobile around this corner without going onto appellants' property. They used the road exceeding the easement limits until August 1962 when appellants placed a steel post at the corner of the right-angle turn in order to limit use of the road to the 12 feet

described in the easement and secured the steel post with a lock and chain, thus making it impossible for respondents to make the turn. The only other means of access to respondents' property is by use of a steep and hazardous incline. There is no access to respondents' house for a fire truck or utility vehicle (except by the use of the easement and the enlarged turn).

The mere fact that respondents have other means of ingress and egress to their property does not adversely determine their rights to an enlargement of the easement at the right-angle turn. This is especially true when the other means are difficult and hazardous. "The law does not require that such easement be absolutely necessary; it is sufficient if the easement is reasonably necessary for the beneficial enjoyment of the property." (*McCarty* v. *Walton* (1963) 212 Cal.App. 2d 39, 43 [27 Cal.Rptr. 792].)

The admitted intention of the parties at the time of the creation of the easement was to use the easement for a roadway to facilitate ingress and egress to respondents' property. To now adhere strictly to the 12-foot limitation would frustrate the intent expressed by the grantor in the conveyance. There is substantial evidence to disclose that appellants impliedly consented to a change or to relocate the easement.

There is ample authority for the proposition that parties may by mutual consent, either express or implied, relocate an easement. (*Wallace Ranch W. Co.* v. *Foothill D. Co.*, 5 Cal.2d 103, 115 [53 P.2d 929]; *Youngstown Steel etc. Co.* v. *City of Los Angeles*, 38 Cal.2d 407, 411 [240 P.2d 977]; *Serrano* v. *Grissom*, 213 Cal.App.2d 300, 304-305 [28 Cal.Rptr. 579] (all involving express consent); *Johnstone* v. *Bettencourt*, 195 Cal.App.2d 538 [16 Cal.Rptr. 6]; *Zunino* v. *Gabriel*, 182 Cal.App.2d 613 [6 Cal.Rptr. 514, 80 A.L.R.2d 1088]; *McCarty* v. *Walton, supra* (all involving implied consent). See also Annotation: Relocation of Easements, 80 A.L.R.2d 743.) In *Johnstone* v. *Bettencourt, supra,* an easement was created by recordation of a subdivision map showing streets and roads. It was later discovered that the road which the parties had been traveling deviated from the true road on the map. Plaintiffs brought an action to quiet title and enjoin interference with their easement, in effect claiming that the true easement existed according to the map. The court held that the plaintiffs had acquiesced in the relocation of the easement by their continued use of the traveled road,

stating: "It is settled that the recording of a map of a subdivision showing streets or roads and the sale of the lots by reference to such a map creates an easement in the grantee to use the street or road delineated on the map. (*Danielson* v. *Sykes*, 157 Cal. 686 [109 P. 87, 28 L.R.A. N.S. 1024].) Thus, the deed of plaintiffs' which referred to the subdivision map showing the course of Yerba Santa Road created an easement of a right-of way for plaintiffs' use. It is competent, however, for the parties to change the location by mutual consent (*Vargas* v. *Maderos*, 191 Cal. 1 [214 P. 849]), and such consent may be implied from their use and acquiescence (28 C.J.S., Easements, § 84, pp. 763-764.) If by mutual consent, either express or implied, the parties do substitute a new route or course, the existing rights are not affected by the change, but attach to the new location. (*Zunino* v. *Gabriel*, 182 Cal.App.2d 613 [6 Cal.Rptr. 514].) " (*Johnstone* v. *Bettencourt, supra*, 195 Cal.App.2d 538, 541-542.)

It is true that a purchaser of real property in fee takes the property subject only to the servitude which he knows or should know. (*Pollard* v. *Rebman*, 162 Cal. 633, 634-635 [124 P. 235] ; *Amerco, Inc.* v. *Tullar*, 182 Cal.App.2d 336, 338 [6 Cal.Rptr. 71].) But, here, it is reasonable for the trial court to have concluded that appellants would have consented to an enlargement of the easement at the right-angle turn when they originally acquired the property in order that the easement would have the meaning intended. The very purpose was to avoid the hazards attendant with the only other means of entrance and exit.

Appellants had actual knowledge of the use of the enlargement of the easement for a number of years (but less than five years). Conversely, see *Amerco, supra*, where the court held at page 338: "If the easement is in use and is open and apparent, the subsequent [prior] purchaser of the fee is put upon notice, and he takes subject to the easement [Citations]." Appellants impliedly consented to the relocation of the easement at the point of the right-angle turn.

The judgment is affirmed.

Draper, P. J., and Salsman, J., concurred.