[Civ. No. 17781. Second Dist., Div. Three. Apr. 27, 1951.]

EUGENE S. KAYNOR et al., Plaintiffs and Respondents, v. SAUL FISCH, Appellant; JOHN O. SANIGER et al., Interveners and Respondents.

Harry J. Miller for Appellant.

Martin & Bowker for Respondents.

WOOD (Parker), J.—Action for declaration of rights and to quiet title to an easement. Judgment was in favor of the plaintiffs and the interveners. Defendant appeals from the judgment.

Appellant asserts in part that the court erred in granting a wider right of way over defendant's ranch than the road which existed when defendant sold land to plaintiffs; that the court erred in enlarging the easement from a right of way for ingress and egress to include ''all road purposes''; and that since there was a more convenient means of ingress and egress an easement over defendant's ranch was not necessary, and that no grant of easement by implication arose.

In 1931 defendant Fisch purchased the west half of Lot 72 of tract 102 in Los Angeles County. The front or south line of Lot 72 adjoins Foothill Boulevard. The lot is rectangular and extends northerly about 727 feet. In 1936 defendant Fisch purchased a parcel of land which adjoins the northeast corner of said Lot 72 (but it does not adjoin the west half of that lot), and in 1945 he sold said parcel to plaintiffs Kaynor. Thereafter, the Kaynors sold a portion of that property to the interveners, Mr. and Mrs. Saniger. The first parcel of land purchased by defendant will be referred to as the Fisch ranch, and the second parcel will be referred to as the Kaynor ranch.

Since 1913 there had been an unpaved road upon the Fisch ranch along the west line thereof, extending from Foothill Boulevard to the north line. A ranch known as the Ferree ranch adjoins said Lot 72 on the north. Along the south line of the Ferree ranch there was an unpaved road which was a continuation of the road that was on the Fisch ranch. That road adjoined a road that extended across the Kaynor ranch and upon lands to the north of the Kaynor ranch. In other words, there was a continuous open road from Foothill Boulevard to the lands north of the Kaynor ranch, which road extended north across the Fisch ranch along the west line thereof, and then east across the Ferree ranch along the south line thereof, and then across the Kaynor ranch. After defendant purchased the second parcel of land (the Kaynor ranch) in 1936, he used the road on the Ferree ranch and the road on the Fisch ranch to go from the Kaynor ranch to Foothill Boulevard and to return from that boulevard to the Kaynor ranch.

On March 31, 1948, Mr. and Mrs. Ferree, who owned the land adjoining the Fisch ranch on the north, by a deed of easement granted to plaintiffs an easement for ingress and egress within the south 20 feet of the Ferree ranch. (This action was filed on November 5, 1947.)

Plaintiffs alleged in their fourth amended complaint, in part, that at the time defendant sold the Kaynor ranch to plaintiffs the plaintiffs had "no access from" said property to a public highway; and they still have no access to a public highway; that they are entitled to a private way of necessity over defendant's land to Foothill Boulevard; that there is a private road along the westerly 20 feet of the Fisch ranch. In the second cause of action therein, they alleged that plaintiffs are the owners and entitled to possession of a right of way over and through the westerly 20 feet of the Fisch ranch "as appurtenant to" the Kaynor ranch; that defendant claims an interest in and to said easement and right of way adversely to the plaintiffs. In the third cause of action plaintiffs alleged that about April 1, 1945, defendant offered to sell the Kaynor ranch to plaintiffs together with an easement for all road purposes over the westerly 20 feet of the Fisch ranch for the sum of $10,500; that plaintiffs orally accepted said offer; that plaintiffs paid said consideration, and on April 13, 1945, defendant conveyed the Kaynor ranch to plaintiffs; that during negotiations regarding the sale the defendant told plaintiffs that an easement over defendant's land would be included in the property sold to plaintiffs; that until August 1, 1947, plaintiffs believed that they had acquired said easement; that the failure to include said easement in the deed was due to the fraud of defendant in omitting the easement from the deed. In the fourth cause of action plaintiffs alleged that by mutual mistake of plaintiffs and defendant the deed omitted a provision conveying said easement. In a fifth cause of action it was alleged that said mistake was brought about by the failure of plaintiffs and defendant to advise the scrivener, who prepared the deed, to include therein a provision conveying said easement.

In 1913 the person who owned the land which adjoins the Kaynor ranch on the north and the person who then owned the Kaynor ranch made a road, with the consent of the person who then owned the Fisch ranch, on the Fisch ranch along the west line of the ranch from the north line to the south line or Foothill Boulevard. A witness, called by plaintiffs,

who is the son of the person who owned the land north of the Kaynor ranch, testified that in 1913 he resided on the land north of the Kaynor ranch; that his mother still resides there; that he saw the road above referred to "staked out" and that it was made the width of two hayracks (with bales of hay on them) or 24 feet, and the road was straight; that the road was used to gain access to the land where he resided, and that it has been used continuously for such purpose since 1913; that at the present time the road is not 24 feet wide, the road "varies in width" and "isn't a straight line width"; when automobiles pass each other, it is necessary to "pull off on parts of the road that are not bare"; in order for automobiles to pass, it is necessary that one of them go upon plowed ground on the east side of the road and that the other one go upon hard surface and weeds on the west side.

There was evidence (plaintiffs' Exhibits 6 and 9A—plats of surveys) showing (1) that the easterly edge of the traveled portion of the road for a distance of 510 feet north from Foothill Boulevard was approximately 18 feet from the westerly line of the Fisch ranch; (2) that the easterly edge of said traveled portion of the road for the next 50 feet was approximately 17 feet from the said westerly line; (3) the easterly edge of the traveled portion for the next 40 feet was various distances from said westerly line, ranging from a maximum of approximately 17 feet to a minimum of 11 feet; (4) the easterly edge for the next 112 feet was various distances from said westerly line, ranging from a maximum of approximately 15 feet to a minimum of 11 feet; (5) the easterly edge for the last 16 feet (being at the turn in the road) was various distances from said westerly line, ranging from a minimum of approximately 15 feet to a maximum of 26 feet. The trial judge, with the consent and in the presence of counsel for the parties, made an inspection of the premises.

The court found, among other things, that at the time of the sale of the Kaynor ranch to plaintiffs that ranch did not front upon a public street, and there was no means of ingress or egress thereto or therefrom except over the Fisch ranch; that on the date of said sale to plaintiffs, and for more than 30 years prior thereto, there existed a road (particularly described in another finding) over the westerly portion of the Fisch ranch running from Foothill Boulevard to the north line of the ranch, and thence running across the Ferree ranch within the south 20 feet of that ranch; that defendant owned the Fisch ranch and the Kaynor ranch for more than

eight years prior to April 13, 1945, and used the road, referred to in the findings, continuously to gain access to the Kaynor ranch, and said road was the only means of ingress and egress to and from the Kaynor ranch, and connected the Fisch ranch and the Kaynor ranch; that said road was open, obvious and necessary for the use of the Kaynor ranch and on April 13, 1945, and prior thereto, was used obviously and permanently by defendant for the benefit of the Kaynor ranch; that the plaintiffs, and the interveners Mr. and Mrs. Saniger, own and hold an easement for ingress and egress over the Ferree ranch within the south 20 feet thereof; that said easement joins and connects the Fisch ranch with the Kaynor ranch; that by the deed from defendant to plaintiff(s) there was conveyed to plaintiff(s), and said plaintiff(s) acquired, an easement by implied grant and by necessity over the westerly portion of the Fisch ranch (which portion is particularly described in the findings by metes and bounds, including measurements by degrees and minutes). The said westerly portion, so described in the findings extended along the west line of the Fisch ranch from the south line of the ranch to the north line thereof, and easterly from the west line to the easterly edge of the traveled portion of the road, as shown by plaintiffs' Exhibits 6 and 9A (which exhibits are hereinabove referred to), and which easterly edge of the road is particularly defined and described hereinabove in referring to said exhibits.

The court further found that defendant was not guilty of fraud in connection with his agreement with plaintiffs; that the Kaynor ranch does not adjoin the Fisch ranch; that defendant has not interfered with plaintiffs' use of the road; that defendant did not represent that an easement or right of way over the entire westerly 20 feet of the Fisch ranch would be included in the property sold to plaintiffs; that defendant Fisch did not represent that an easement was included in the description of the property set forth in the deed; that the failure to include description of the road in the deed was not the result of any mistake on the part of plaintiff(s) and defendant.

The judgment provided that the plaintiffs and interveners are the owners and holders of an easement for ingress and egress and all road purposes over said westerly portion of the Fisch ranch (which westerly portion is designated hereinabove by reference to the findings and certain exhibits).

Appellant contends, as above indicated, that the court erred in finding that by the deed from defendant to plaintiffs made

in April, 1945, conveying the Kaynor ranch, the plaintiffs acquired "an easement by implied grant and necessity over. more than the existing road"; and that the "court should have restricted the easement, if any, to the description of the road which existed on the Fisch ranch in April, 1945, when Fisch transferred the Kaynor-Saniger ranch to the respondents, Kaynor, and should not have allowed the wider right of way sought by the respondents." ■ The evidence shows that there is, and has been for more than 30 years, a road along the westerly line of the Fisch ranch which road is, and was during said time, used by various persons, who were owners of ranches north of the Fisch ranch, as the only means of ingress and egress to and from their ranches. Also, the evidence shows that the defendant during the eight years he owned the Kaynor ranch, used said road and the road along the south portion of the Ferree ranch in going from the Kaynor ranch to Foothill Boulevard and in going from the boulevard to the ranch. Also, the evidence shows that the Kaynors, at the time of trial and during the three and one-half years they owned the Kaynor ranch prior to the trial, were and had been using said roads in going from the ranch to the boulevard and from the boulevard to the ranch. It is clear that, at the time defendant conveyed the Kaynor ranch to plaintiffs, there was and had been for many years an easement over the road on the westerly portion of the Fisch ranch for the benefit of the Kaynor ranch. ■ The question as to the width of the existing road or easement over the Fisch ranch was one of fact for determination of the trial court. ■ There was evidence that the main traveled portion of the road was not in a straight line, and also that more space than the main traveled portion was required in order for automobiles to pass on that road. The easterly edge of the main traveled portion of the road was shown by a survey which was made by a licensed surveyor. The evidence was ample to support the findings of the court regarding the width of the easement. ■ Whether plaintiffs acquired an easement by implication over the Fisch ranch by the deed from defendant to them depended upon all the circumstances and the intention of the parties at the time the conveyance was made. Section 1104 of the Civil Code provides : "A transfer of real property passes all easements attached thereto, and creates in favor thereof an easement to use other real property of the person whose estate is transferred in the same manner and to the same extent as such property was obviously and permanently used

by the person whose estate is transferred, for the benefit thereof, at the time when the transfer was agreed upon or completed." In *Fristoe* v. *Drapeau*, 35 Cal.2d 5, it was said at page 9 [215 P.2d 729] : "Section 1104 [Civ. Code], which relates to the creation of easements by implied grant, must be read with section 806 of the Civil Code, which defines the extent of all servitudes, and also in the light of the common law rules governing easements by implication. Section 806 provides that 'the extent of a servitude is determined by the terms of the grant, or the nature of the enjoyment by which it was acquired.' . . . When the grant is implied, its terms must be inferred from all of the circumstances of the case. The effect of section 806 is to establish intent as the criterion, and this is in accord with the rationale of the rules governing easements by implication." It was also said in that case at page 10: "[I]n determining the intent of the parties as to the extent of the grantee's rights, we are of the opinion that consideration must be given not only to the actual uses being made at the time of the severance, but also to such uses as the facts and circumstances show were within the reasonable contemplation of the parties at the time of the conveyance."

It is reasonably to be inferred that defendant intended to convey a right to use the road over the westerly portion of his ranch and that the plaintiffs reasonably expected to take and hold that right. The question as to the intent of the parties with reference to the easement was one of fact for the determination of the trial court. The evidence was sufficient to support the findings that the plaintiffs acquired an easement by implied grant and by necessity over said westerly portion of the Fisch ranch.

Although the Kaynor ranch and the Fisch ranch were not adjoining parcels of land, the easement or right of way over the Ferree ranch, from the Kaynor ranch to the Fisch ranch, which had been used many years by various persons including the defendant, was appurtenant to the Kaynor ranch and was, under the circumstances here, a sufficient connection between the Kaynor ranch and the Fisch ranch. In *Leonard* v. *Leonard*, 2 Allen (Mass.) 543, a grantor had conveyed two lots of land referred to therein as lots A and B to different persons (plaintiff and defendant). Only Lot A fronted on a highway, and another lot referred to as Lot C (owned by a stranger) was between Lots A and B. There was a road which extended from the highway across Lots A

and C to Lot B, and the road had been used many years by the grantor of Lots A and B. The question therein was whether the owner of Lot B (defendant) had an easement over Lot A (owned by plaintiff). In that case it was said: "It follows that, by conveying to him [defendant] lot B, the easement over lot C passed as appurtenant, and a right of way by necessity passed by the grant over lot A. In other words, there was appurtenant to the land granted to the defendant a right of way to other land of the grantor, and there being no access to the highway except by the way appurtenant and by passing over the land of the grantor, a right of way by necessity was conveyed over lot A. In legal effect, the rights of the parties were the same as if the lots A and B adjoined each other, instead of being separated by lot C, over which the right of way by prescription existed."

The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 25, 1951.