[Civ. No. 19300.   Second Dist., Div. One.   July 6, 1953.]

BARTHOLOMAE CORPORATION, Appellant, v. W. B. SCOTT INVESTMENT COMPANY et al., Respondents.

42

Mize, Kroese, Larsh & Mize, R. C. Mize and Marjorie Mize for Appellant.

Burr & Smith and Philip Grey Smith for Respondents.

DORAN, J.—The present controversy involves certain rights of way referred to as the "Blue Road" and the "Red Road," the legal descriptions of which are long and involved. Appellant, claiming ownership of Diamond Bar Ranch of 7,500 acres in Los Angeles County, seeks to quiet title thereto,

alleging possession by itself and predecessors for 20 years, and payment of taxes. Respondents, as owners of the adjoining Tres Hermanos Rancho of 2,500 acres, 812 acres of which lie in Los Angeles County, claim title to the above mentioned easements which provide ingress and egress to and from Tres Hermanos Rancho. Both parties derive title from one W. F. Fundenberg.

Diamond Bar Ranch is bounded, in part, on the west, by Brea Canyon Road, a public highway; Tres Hermanos Rancho lies easterly of Diamond Bar Ranch. The west end of the so-called Blue Road intersects Brea Canyon Road, is approximately $2\frac{1}{8}$ miles long and connects with the so-called Red Road, the west end of which is about $1\frac{1}{2}$ miles from Tres Hermanos. There is little controversy concerning the Red Road, respondents having documentary evidence of title to a right of way for road and highway purposes over an 80-foot strip, although as found by the trial court, the original route had been changed "at the place near which plaintiff constructed a dam," in which altered location respondents' rights attached. The main dispute relates to the Blue Road which connects with the Red Road, and according to respondents' claim, was intended to be used as a necessary connecting link with the Red Road. Concerning the Blue Road, there is no direct documentary evidence.

The trial court originally found that appellant's ownership of the Diamond Bar Ranch was subject to the respondents' "right of way for road and highway purposes over all of a strip of land eighty (80) feet wide," referred to as the Red Road, as deeded to respondents' predecessors in title but later altered as hereinbefore mentioned. The respondents were found to have no other interest in or over the Diamond Bar Ranch. Judgment was entered accordingly on August 13, 1951.

Thereafter, respondents made a motion for a new trial and on October 24, 1951, the trial judge in ruling on such motion, ordered "that the Findings and Judgment be modified to show an easement by implication 20 feet wide over the so-called 'Blue' road for access to 'Red' road." The findings were accordingly modified to show that Fundenberg, at the time of conveying the Red Road easement to respondents' predecessors, intended to and did convey by implication, "an easement twenty feet wide for road purposes (the Blue Road) connecting with and running from what is now known as Brea Canyon Road to and connecting with the westerly end of the hereinbefore described eighty-foot right of

way (the Red Road) for road purposes and for access to and from the same." · The present appeal questions the correctness of this modified decision which, departing from the original judgment, gives to the respondents both the Blue Road and Red Road easements.

As pointed out in respondents' brief, section 662 of the Code of Civil Procedure confers broad powers upon a trial court in ruling on a motion for a new trial. Under that section the court may "change or add to the findings, modify the judgment, in whole or in part, vacate the judgment in whole or in part." Appellant's claim that the trial court was without authority to make the modification in the instant case is therefore without merit.

It is appellant's contention that "there is no substantial evidence to support a judgment for an implied easement" over the Blue Road, and "that the evidence refutes such a conclusion." In support of this argument certain exhibits and other evidence are analyzed in an effort to show that the trial court arrived at an erroneous conclusion.

That an easement may, in a proper case, be created by implication, requires no argument. Nor can it be doubted that the existence of such an easement is a question of fact for the trial court. The purpose of this doctrine is obviously to give effect to what may be deemed to have been the actual intent of the parties. "In order to determine the intent," it is stated in *Orr* v. *Kirk,* 100 Cal. App.2d 678 [224 P.2d 71], and elsewhere, "the court will take into consideration the particular situation of the parties, and the state of the thing granted (28 C.J.S. p. 686, § 30)."

Civil Code, section 3522, provides that "One who grants a thing is presumed to grant also whatever is essential to its use." And, according to section 1104 of the Civil Code, "A transfer of real property passes all easements attached thereto," unless, of course, such easements are expressly excepted by the terms of the deed, which is not claimed in the instant case.

As noted in respondents' brief, "The pleadings were broad. The evidence taken was extensive and covered the entire transaction with respect to the roads as well as with respect to their use." As evidenced by the voluminous record, the trial court was confronted with a great mass of probative material, direct and circumstantial, presenting a somewhat confused picture. It was incumbent upon the trial court to analyze all this material and from it to

arrive at a conclusion which would seem to enforce the actual intent of the parties. ▉ Even though a reviewing court might arrive at a different conclusion, the judgment of the trial court must stand if the record discloses substantial evidence in support thereof.

▉ While it is true, as argued by appellants, that certain items of evidence may tend to rebut the idea of an easement by implication, it cannot well be doubted that the record contains very substantial evidence in support of the trial court's findings. The present record merely presents the usual conflict of evidence found in most if not all cases. The weight and credibility of such evidence is· a question not for an appellate tribunal but for the trial court.

▉ Viewing the record as a whole rather than placing undue emphasis upon particular items, and considering the same in the light most favorable to the findings made, the following picture emerges. The Bartholomae Oil Corporation, appellant herein, acquired title to the Diamond Bar Ranch from one Frederic E. Lewis, who, in turn, had in 1918 purchased the same from W. F. Fundenberg. The conveyance from Fundenberg was "all subject, however, . . . to existing easements for roads." There is evidence that Lewis stated to Bartholomae that "all I could give him was what I had received with the ranch, and that is all I was selling." Before purchasing, Lewis had looked over the Diamond Bar Ranch, and there is evidence that the roads were in the same location between the years 1918 and 1943.

It appears that the so-called Blue Road connecting with the Red Road had long been in existence and had been used by Tres Hermanos Rancho, its guests and others, since 1916. Not only had these roads been in use during this long period, but the owners of Tres Hermanos during a period of over 30 years had maintained the surface of such roads. According to the testimony both the Blue and Red Roads were clearly visible; there is substantial evidence from which the trial court might conclude that they were component parts constituting a "practical right of way for road purposes" necessary for the proper enjoyment of the Tres Hermanos Rancho.

As noted in respondents' brief, "The original judgment established that the Tres Hermanos did have an easement which ran out of the Tres Hermanos across the hills of sections 14 and 15 and ended abruptly in section 15 in the heart of the Diamond Bar." It is not an unreasonable conclusion that

such a dead-end road would be of little if any practical use to the owners of the easement. The modified judgment, however, arrived at after a reconsideration of all the evidence, remedies this defect by finding that a complementary easement by implication exists and must have been intended by the parties authorizing passage over the Blue Road, a connecting link which would enable the Tres Hermanos owners to bridge the otherwise existing gap between the Brea Canyon Road and the Tres Hermanos Rancho. Such a determination is neither unreasonable nor is it without legal and evidentiary support. Appellant's contentions are without merit and no ground for reversal has been presented.

The judgment is affirmed.

White, P. J., and Scott (Robert H.), J. pro tem., concurred.

A petition for a rehearing was denied July 20, 1953, and appellant's petition for a hearing by the Supreme Court was denied September 4, 1953.