[Civ. No. 10381. Third Dist. Jan. 17, 1963.]

JOHN RAYMOND McCARTY et al., Plaintiffs and Respondents, v. MADELYN WALTON, Defendant and Appellant.

Wilkins, Little & Mix, Esther Mix and John L. LaRue for Defendant and Appellant.

P. M. Barceloux, Burton J. Goldstein and Goldstein, Barceloux & Goldstein for Plaintiffs and Respondents.

SCHOTTKY, J.—Plaintiffs, John Raymond McCarty and Helen McCarty, filed an action to quiet title to an easement

over the land of defendant and for a mandatory injunction requiring defendant to remove certain obstructions placed by her on the road in question and also for damages caused by the barricading of such road. The trial court found that "at the time that plaintiffs purchased said real property from defendant's predecessor in interest, a right of way over said roadway was granted by implication to plaintiffs for use thereof as appurtenant to the real property described above; and plaintiffs have openly, notoriously, adversely and continuously used said roadway and said easement under claim of right for approximately twenty years past." It was further found that "said right of way was relocated by mutual consent from time to time, until it was established to be in its present location." Judgment was entered quieting the title of plaintiffs to a road and parking area on the property of defendant and restraining defendant from interfering with such easement. Defendant has appealed from said judgment.

Appellant makes a vigorous attack upon the findings, contending that the evidence is insufficient to support them. Before discussing these contentions we shall give a brief summary of the evidence shown by the record, bearing in mind the familiar rule that the evidence must be viewed in the light most favorable to the respondents and that conflicts in the evidence must be disregarded.

J. O. Jones, an owner of a large tract of land in the Soda Springs area, sold certain parcels of this property to plaintiffs in 1938. There was no access to this property except over a wheel-rutted road branching off Hill Road and crossing over the remaining portion of the Jones property. Prior to the sale Jones took plaintiffs over this road to show them the property, and at that time indicated that this was the route for them to use to gain access to the property. Plaintiffs started building a home on this property immediately after the purchase. The following year they bought from Jones property that bordered the north and south boundaries of their original purchase. Jones again indicated the right of way south of their property and across his property as their means of access, even though a poorly defined and little used private road ran adjacent to the northern piece of property of the second purchase.

Neither deed of conveyance contained reference to the used right of way nor was there a written contract between the parties for the use of the right of way. Subsequent purchases of property were made by plaintiffs, the last of which included

a road off United States Highway 40 and going up the west side of the plaintiffs' property. It did not, however, go all the way to the property first purchased where plaintiffs' residence was located. This road was used on occasion by plaintiffs and their guests but the right of way was also used until a barrier was erected by defendant in 1958.

From the time of the original purchase until they constructed a stone wall along the southeast portion of their property, plaintiffs, deliverymen and guests used the right of way as originally designated to them by Jones, which terminated at the boundary of a southern piece of property of the second purchase. After the wall was constructed plaintiffs and others used a portion of the right of way off Hill Road and then turned right to reach a gate in the southeast portion of the constructed wall. At that point they parked their cars and walked the remaining way to the plaintiffs' home.

The remaining property of Jones passed to his wife on his death in 1944, and defendant inherited the property from her mother in 1949.

In June 1958 defendant, disturbed because a trailer had been parked on her property, advised plaintiffs that she was going to block off the right of way; she did so shortly thereafter.

Appellant's first major contention is that there was not sufficient evidence to support the finding that a right of way was granted by implication, arguing that there was no showing of intent on the part of the seller, Jones. ██ Whether a purchaser acquires an easement of ingress and egress by implication from the seller when he sells a portion of his land depends on the intent of the parties and the circumstances at the time of the conveyance. (*Kaynor* v. *Fisch,* 103 Cal. App.2d 832 [230 P.2d 418].) ██ The law does not require that such easement be absolutely necessary; it is sufficient if the easement is reasonably necessary for the beneficial enjoyment of the property. (*Navarro* v. *Paulley,* 66 Cal.App.2d 827 [153 P.2d 397].) ██ The question of the intent of the parties with reference to the easement and whether an easement by implication are questions of fact for the determination of the trial court. (*Kaynor* v. *Fisch, supra; Bartholomae Corp.* v. *W. B. Scott Inv. Co.,* 119 Cal.App.2d 41 [259 P.2d 28].)

██ Here Jones took respondents over the clearly defined right of way and designated that this was the route they could

use to have access to their property, which at the time was without means of access. At the time of the second purchase Jones again designated the route despite the fact that the boundary of the second purchase property was adjacent to a private road. Although there was the private road to the north of their property and a second road on the west of their property acquired by a subsequent purchase, respondents and their guests continuously used the right of way as changed until the barricade was erected.

We are satisfied that such evidence is sufficient to support the finding of a prescriptive easement. ▆▆ Appellant quotes 17 California Jurisprudence 2d, Easements, section 18, page 117, as follows:

''A precriptive right to an easement over the land of another may be acquired only by clear evidence of adverse use, openly, notoriously, and continuously asserted for the statutory period of 5 years. . . .

▆▆ ''The adverse use must be under a claim of right, which must be communicated to the owner of the land, or the use of the claimed easement must be so obviously exercised as to constitute an implied notice of the adverse claim. For example, mere knowledge on the part of the landowner of occasional travel across, or other use of, his property by another does not constitute notice of an adverse claim, . . .''

▆▆ Whether the evidence is sufficient to establish an easement by prescription is a question of fact for the determination of the trial court. As stated in *O'Banion* v. *Borba,* 32 Cal.2d 145 [195 P.2d 10], at page 147:

''. . . In this connection it is pertinent to observe that whether the use of the easement is adverse and under a claim of right, or permissive and with the owner's consent, and the nature of the user is sufficient to put the owner on notice, are questions of fact. (1 Cal.Jur. 635.) ▆▆ Also, if there is any substantial evidence to support the judgment, it must be affirmed. All conflicts must be resolved in favor of the prevailing party and the evidence viewed in a light most favorable to him.

''. . . . . . . . . . . . .

''There has been considerable confusion in the cases involving the acquisition of easements by prescription, concerning the presence or absence of a presumption that the use is under a claim of right adverse to the owner of the servient tenement, and of which he has constructive notice, upon the showing

of an open, continuous, notorious and peaceable use for the prescriptive period. . . . The preferable view is to treat the case the same as any other, that is, the issue is ordinarily one of fact, giving consideration to all the circumstances and the inferences that may be drawn therefrom. The use may be such that the trier of fact is justified in inferring an adverse claim and user and imputing constructive knowledge thereof to the owner. There seems to be no apparent reason for discussing the matter from the standpoint of presumptions. For the trial court the question is whether the circumstances proven do or do not justify an inference showing the required elements. In the appellate court the issue is merely whether there is sufficient evidence to support the judgment of the trial court. This view has been implicitly followed. . . ."

Appellant's strongest contention is that any easement which respondents may have had was extinguished by the building of the rock wall. Appellant cites subdivision 3 of section 811 of the Civil Code which provides that a servitude is extinguished by the performance of any act of the owner of the servitude which is incompatible with its nature or exercise. Appellant also cites the case of *Crimmins* v. *Gould,* 149 Cal. App.2d 383 [308 P.2d 786], in which the court states that this section is a statutory declaration of the well-established rule that if the owner of a dominant estate does acts thereon which permanently prevent his enjoyment of an easement the same is extinguished. That case holds that where the burden of the servient estate is increased through changes in the dominant estate which increase the use and subject it to use of nondominant property a forfeiture will be justified if the unauthorized use may not be severed and prohibited.

 In the instant case, as pointed out by respondents, the act of respondents in building the stone wall is not sufficient to compel a finding that the easement was abandoned. Respondents left a $3\frac{1}{2}$ foot gate in the wall. Leaving such a gate is inconsistent with an intent to abandon and consistent with an intent to continue to exercise dominion over the easement. Nor is this act an increase of the use of the easement. Since there was no increase of the use of the easement, it is unnecessary to determine whether there is any severable portion of the use.

As we view this contention of appellant, it merely presented a question of fact for the trial court to determine. There was

sufficient evidence to support the implied finding of the court that if an easement had been created it was not subsequently extinguished by plaintiffs' own acts in the construction of the wall and in increasing the burden of the easement by using the end of the right of way as a parking lot. ▮▮▮ Generally, the extent of an easement may not be enlarged so as to increase the burden of the servient property. (Civ. Code, § 806; *Wall* v. *Rudolph*, 198 Cal.App.2d 684 [18 Cal.Rptr. 123].) There is no evidence, however, that the easement was in fact enlarged by respondents; instead there is evidence that at the time of purchase, and until the right of way was relocated, and even thereafter, respondents and others parked their cars at the end of the road which terminated on Jones' property and then walked to the site of the residence of the respondents.

Appellant contends also that the evidence does not support a finding that the right of way was relocated by mutual consent from time to time until it was established in its present condition.

▮▮▮ An easement may be relocated. If the relocation is consented to by the servient owner, all the rights of the original easement attach to the relocated easement. ▮▮▮ If the servient owner does not consent, the relocation then exists as a prescriptive easement. This is discussed in 17 California Jurisprudence 2d, Easements, section 17, page 117, where it is said: ". . . And the mere relocation by mutual consent of a right of way or other easement does not alter the rights of the owner of the easement. But if the change of location is not consented to, then the extent of the easement at the new location is determined entirely by the extent and character of the user for the prescriptive period."

▮▮▮ Once an easement is established, it is competent for the parties to change the location by mutual consent, and such consent may be implied from the acts and acquiescence of the parties. (*Johnstone* v. *Bettencourt*, 195 Cal.App.2d 538 [16 Cal.Rptr. 6].) Since the early 1940's respondents, tradesmen and guests have used the right of way leading to the front gate of the stone wall, parking their vehicles at the entrance way. ▮▮▮ Since there is nothing in the record to show any objection of appellant, or her predecessors, to the relocation of the right of way, it can be presumed that there was acquiescence to the relocation and use.

No other points raised require discussion.

Appellant has made an able argument in support of her

contentions, but as we view the matter this case presents issues of fact as there is little dispute as to the principles of law involved. Issues of fact must be determined in the trial court, and an appellate tribunal is bound by the familiar rule that before it can be justified in reversing a judgment upon the ground of the insufficiency of the evidence, it must appear from the record that accepting the full force of the evidence, together with every inference favorable to the prevailing party which may reasonably be drawn therefrom, and excluding all evidence in conflict therewith, it still appears that the law precludes such party from recovering a judgment. Applying this rule to the case at bench, we think it is clear that the evidence amply supports the judgment. The case was tried by an able and experienced trial judge, and we are convinced that his conclusion that the respondents had proven their ownership of the easement must be upheld.

The judgment is affirmed.

Pierce, P. J., concurred.